IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

<pre>
                                  *
DAVIS VISION, INC.
                                  *
      Plaintiff,
                                  *
v.                                    CIVIL NO.: WDQ-05-cv-1019
MARYLAND OPTOMETRIC            *
ASSOCIATION                    *

      Defendant.               *

*     *     *     *     *     *     *     *     *     *     *     *     *
</pre>

MEMORANDUM OPINION AND ORDER

Davis Vision, Inc. ("Davis Vision") sued Maryland Optometric Association ("MOA") for a declaratory judgment.[1] Pending is Davis Vision's motion for summary judgment, and MOA's cross motion for summary judgment. For the following reasons, Davis Vision's motion for summary judgment will be denied, and MOA's cross motion for summary judgment will be granted.

I.    BACKGROUND

Davis Vision is a New York corporation that manufactures prescription eyeglass lenses and administers vision plan components of managed-care health benefit plans. Davis Vision Mot. Summ. J. at 1. MOA is a Maryland nonprofit association with membership of approximately 350 independent optometrists. *Id.* at 1-2. Fifty-four members of MOA have also entered into Provider Agreements (the "Davis Agreement") with Davis Vision. *Id.* at 2. Under the Davis

---

[1] *See* 28 U.S.C. §§ 2201 *et seq.* (2005).

Agreement, optometrists participate in the network of vision care providers who offer services to the beneficiaries of certain health insurance plans administered by Davis Vision. *Id*. The Davis Agreement contains an arbitration clause that provides "any controversy or claim arising out of or relating to this Agreement or the breach thereof will be settled by arbitration...." *Id*.; MOA Mot. Summ. J. Ex. 6.

On July 14, 2004, MOA sued (the "MOA Complaint") Davis Vision and CareFirst (no longer a party in this action), alleging, *inter alia*, federal and state antitrust law violations and various common law torts because MOA's members were denied an opportunity to compete with large retail chains for the sale of prescription eyeglasses and other optometric services. MOA Mot. Summ. J. at 2; *MOA v. Davis Vision, et al.*, Civil Action No.: WDQ-04-02153.

The defendants moved to dismiss for lack of subject matter jurisdiction and failure to state a claim. The Court granted defendants' motions to dismiss on the grounds that (1) the individual MOA members could not pursue the action in Court, therefore, the members' claims could not be pursued through MOA as an association; and (2) MOA's claims were based on the Davis Agreement, therefore, all of the claims were subject to arbitration. *MOA v. Davis Vision, et al.*, Civil Action No.: WDQ-04-02153 Memorandum Opinion and Order (D. Md. December 21, 2004) at 8-9.

On March 17, 2005 MOA filed a demand for arbitration with the

American Arbitration Association, raising the same claims against Davis Vision and CareFirst as in *MOA v. Davis Vision, et al.*, seeking only injunctive relief on behalf of its members. MOA Mot. Summ. J. at 3; MOA Mot. Summ. J. Ex. 6.

On April 13, 2005 Davis Vision brought this action seeking a declaratory judgment and injunctive relief that it is not required to arbitrate with MOA. Davis Vision Mot. Summ. J. at 1.

## II. LEGAL DISCUSSION

A.   Motion for Summary Judgment

1. Standard of Review

Summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986), the Supreme Court explained that, in considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Thus, "the judge must ask... whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.

The court must view the facts and the reasonable inferences drawn therefrom "in the light most favorable to the party opposing

the motion," *Matsushita Electric Industrial Company v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), but the opponent must produce evidence upon which a reasonable fact finder could rely. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). The existence of a mere "scintilla" of evidence is not sufficient to preclude summary judgment. *Anderson*, 477 U.S. at 252.

2.   Davis Vision and MOA Have No Signed Agreement to Arbitrate

It is undisputed that MOA is not a signatory to the Davis Agreement. Davis Vision Mot. Summ. J. at 4; MOA Mot. Summ. J. at 7. However, there are certain limited exceptions (e.g., equitable estoppel, agency, and third party beneficiary rights) that allow non-signatories to a contract to compel arbitration. *MS Dealer Service Corp., v. Franklin*, 177 F.3d 942, 947 (11th Cir. 1999). *See also International Paper Co., Schwabedissen Maschinen & Anlagen*, 206 F.3d 411, 416-417 (4th Cir. 2000); *Thomson-CSF, S.A. v. American Arbitration Ass'n*, 64 F.3d 773, 776 (2d Cir. 1995).

As discussed in the *MOA v. Davis Vision, et al.* Memorandum Opinion, the Davis Agreement arbitration clause contains language such as "arising out of" or "relating to" that are construed broadly, "therefore all matters or claims independent of the contract or collateral thereto are arbitrable." Memorandum Opinion at 7. *See J.J. Ryan & Sons, Inc. v. Rhone Poulenc Textile*, 863 F.2d 315, 321 (4th Cir. 1988). MOA's claims on behalf of all its members, based upon the Davis Agreement, are arbitrable. Memorandum Opinion

at 8-9 (citing *In re Managed Care Litigation*, No. 00-MD-1334, 2003 WL 22410373, at *10 (S.D. Fla. Sept. 15, 2003), *aff'd by Klay v. Pacificare Health Sys. Inc.*, 389 F.3d 1191 (11th Cir. 2004)).  Davis Vision is not entitled to judgment as a matter of law merely because MOA is not a signatory to the Davis Agreement.

   3.   Collateral Estoppel

   MOA contends that Davis Vision is collaterally estopped from arguing that MOA does not have standing to arbitrate claims under the Davis Agreement.  To establish collateral estoppel, MOA must show that: (1) the issue to be precluded is identical to one previously litigated; (2) the issue was actually determined in the prior proceeding; (3) determination of the issue must have been a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment is final and valid; and (5) the party against whom estoppel is asserted had a full and fair opportunity to litigate the issue in the previous forum.  *Dresser v. Backus*, No. 99-1924, 2000 U.S. App. Lexis 18901, at *10 (4th Cir. Aug. 4, 2000) (citing *Sedlack v. Braswell Servs. Group, Inc.*, 134 F.3d 219, 224 (4th Cir. 1998)).  In *MOA v. Davis Vision, et al.* Davis Vision argued that MOA lacked standing to seek injunctive relief for its members, because MOA is not a party to the Davis Agreement.  MOA filed a demand for arbitration and attached its complaint from the previous action.  *See* MOA Mot. Summ. J. Ex. 6.  In response, Davis Vision sued MOA raising the same issues that Davis Vision had raised in the

previous action.   *See* MOA Mot. Summ. J. Ex. 3-4; Davis Vision's Reply Mot. Summ. J. at 2-6.

In *MOA v. Davis Vision, et al.* the Court determined that MOA lacked standing to seek injunctive relief from the Court, but could represent its members in arbitration.   The determination of this issue was a critical and necessary part of the decision in the prior action, and neither party appealed the decision.   Davis Vision had the opportunity to litigate this issue and raised various standing arguments in its defense.

The prior and current actions involving MOA and Davis Vision have common legal and factual issues; Davis Vision is collaterally estopped from preventing MOA from arbitrating its claims.

CONCLUSION

For the reasons discussed above, Davis Vision's motion for summary judgment will be denied, and MOA's cross motion for summary judgment will be granted.


<u>December 5, 2005</u>                  <u>          /s/          </u>
Date                              William D. Quarles, Jr.
                                  United States District Judge